UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 14-5872

---------------------------------------------------------------- X

SHON WHITE

                        Plaintiff,

              -against-

POLICE OFFICERS JOSHUA WINTERS,
(Shield no. 3648); JOSEPH DAMBRA, (Shield
no. 8014); DAVID CHEESEWRIGHT, (Shield
no. 1990); POLICE OFFICERS "JANE DOE"
no. 1 and "JOHN DOES" nos. 1-6, individually
and in their official capacities (the names Jane
Doe and John Doe being fictitious, as the true
names are presently unknown),

                        Defendants.

---------------------------------------------------------------- X

**COMPLAINT**

JURY TRIAL DEMANDED

MATSUMOTO, J.

MANN, M.J.

Plaintiff, SHON WHITE, by and through her attorney, **SCOTT G. CERBIN, ESQ.,**

**PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for violation of plaintiff's rights

as secured by 42 U.S.C. §§ 1983 and the 1988; and the Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments to the United States Constitution, and the laws of the State of New

York.

2.    Plaintiff's claims arise from an incident that took place at her home in Brooklyn, New

York on or about May 15, 2013 during which members of the New York City Police Department

("NYPD") subjected plaintiff to, among other things: False Arrest, Unreasonable Use of Force,

Unlawful Search and Seizure, Failure to Intervene, Malicious Prosecution, and Falsification of

Evidence.

3.     Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6.     Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7.     Plaintiff demands a trial by jury in this action.

## PARTIES

8.     Plaintiff Shon White is a resident of Kings County, New York State.

9.     The plaintiff is a forty-six year-old African-American female.

10.    At all times herein, defendants PO JOSHUA WINTERS, Shield no. 3648, PO JOSEPH DAMBRA, Shield no. 8014; PO DAVID CHEESEWRIGHT, Shield no. 1990; PO "JANE DOE" no. 1 and "JOHN DOES" nos. 1-6 were New York City Police Officers, employed with the 77th precinct, and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York.

11.     The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.     On May 15, 2013, approximately 6:30AM, at and in the vicinity of 372 Saint Mark's Ave., Brooklyn, New York, and the 77th precinct, Brooklyn, New York, several police officers operating from the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York including upon information and belief, defendant police officers Winters, Dambra, "Jane Doe" no. 1 and John Does nos. 1-6, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

13.     At the above-described time and place of occurrence, defendants Winters, Dambra, Jane Doe no.1, and John Does nos. 1-6 forcibly entered apartment 4B, where plaintiff lives with her family.

14.     Plaintiff and her family were asleep in the apartment when defendants Winters, Dambra and other members of the 77th precinct and/or a Brooklyn Narcotics Enforcement Unit, broke down the door, brandished firearms and pointed them at plaintiff and her family, and immediately handcuffed every other member of the family.

15.     Handcuffs were applied very tightly to plaintiff's wrists, causing pain in the wrists and excessive, painful stretching of her wrists, arms, shoulders and chest.

16.     The defendant officers' use of force caused plaintiff to suffer pain and bruising/marks that lasted for several days.

17.     The defendants thoroughly searched (or "tossed") plaintiff's apartment, upending every container, storage area and piece of furniture in the premises.

18.     Defendants, acting with malice, also used a knife to slice to ribbons the leather upholstery of an antique leather chair in the premises.

Case 1:14-cv-05872-KAM-RLM   Document 1   Filed 10/07/14   Page 4 of 10 PageID #: 4

19.     None of the defendants showed plaintiff a search warrant or explained their purpose in searching the apartment and its contents.

20.     Defendants questioned plaintiff and her domestic partner Charles Moore, (whose civil case based on the same incident is currently pending in this Court under docket number 14-CV-1297) about some prescription pain medication which was in a prescription bottle bearing plaintiff's name).

21.     Despite finding no contraband of any kind within the premises, defendant officers then placed the entire family (including several minor children)in handcuffs.

22.     In spite of the fact that the only controlled substance found in the apartment was prescription medication lawfully prescribed to plaintiff, defendant officers arrested plaintiff and brought her to central booking.

23.     Defendant David Cheesewright, as the supervising officer, approved, ratified and sanctioned the arrest of plaintiff.

24.     Upon information and belief, defendant police officers communicated with the Brooklyn District Attorney's Office that controlled substances had been found inside the location and omitted the crucial detail that the medicine was, in fact, prescribed to plaintiff and in a prescription bottle bearing plaintiff's name.

25.     The District Attorney charged plaintiff (as well as Mr. Moore) with a single count of Criminal Possession of a Controlled Substance in the Seventh Degree, a Class "A" misdemeanor, the substance in question being: "a plastic bottle containing oxycodone pills[1]."

26.     Plaintiff was arraigned on the evening of May 16, 2013 and released on her own recognizance after being in custody for more than thirty-six hours.

---

[1] Misdemeanor Complaint filed in Kings County Criminal Court on May 16, 2013 under Docket no. 2013KN037287

27.     After appearing in court repeatedly to defend herself against the false allegations that she had been in unlawful possession of *anything* at the time of the incident, the case was resolved in a manner favorable to the plaintiff.

## GENERAL ALLEGATIONS

28.     The individual defendants acted in concert in committing the above-described acts against plaintiff.

29.     Plaintiff did not resist arrest at any time during the above-described incidents.

30.     Defendant police officers unlawfully entered plaintiff's apartment, on the basis that if there was a search warrant, it was obtained on the basis of mistaken or false information and without due diligence performed by defendant police officers as to the veracity of the information presented to issuing magistrate.

31.     Defendant officers failed to recover any contraband.

32.     The individual defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

33.     As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injury, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

34.     Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

35.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

36.     On the above incident date, defendant officers falsely arrested plaintiff without probable cause, or reasonable suspicion that plaintiff had committed a crime.

37.     As a result of defendants' conduct, plaintiff was injured.

38.     Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM
## (UNREASONABLE USE OF FORCE UNDER FEDERAL LAW)

39.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40.     On the above incident date, the individual defendants' use of force upon plaintiff was objectively unreasonable.

41.     The individual defendant officers did not have an objective and/or reasonable basis to use *any* degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist in any way.

42.     Those defendants who did not touch plaintiff but witnessed the unlawful conduct, but failed to intervene and protect plaintiff from this conduct are also liable to plaintiff.

43.     As a result of defendants' conduct, plaintiff was injured.

44.     Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### THIRD CLAIM
### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

45.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.    On the above incident date, defendant officers unlawfully seized property belonging to plaintiff.

47.    As a result of defendants' conduct, plaintiff was injured.

48.    Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM
### (FAILURE TO INTERVENE)

49.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50.    On the above described incident date, those defendants who did not actively participate in the abridgement of plaintiff's rights, but who had a reasonable opportunity to prevent them and nonetheless failed to intervene in the obviously illegal actions of the active defendants also caused injury to plaintiff.

51.    Accordingly, defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FIFTH CLAIM
### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

52.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53.     The individual defendants are liable to plaintiff for malicious prosecution because, on the above incident date, and pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecutions against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed supporting depositions and police reports) to prosecutors and/or the courts, which alleged that plaintiff had committed various crimes.

54.     The individual defendants lacked probable cause to believe the above-stated malicious prosecutions could succeed.

55.     The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecutions.

56.     As a result of defendants' conduct plaintiff was injured.

57.     Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Fifth and Sixth Amendments to the United States Constitution.

<u>SIXTH CLAIM</u>
(FALSIFICATION OF EVIDENCE)

58.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59.     The defendants are liable to plaintiff because, on both the above described incident dates, they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

60.     Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and false police reports.

61.     Furthermore, the individual defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

62.    The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

63.    The individual defendants are also liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### SEVENTH CLAIM
### (VIOLATION OF RIGHTS UNDER U.S.C. §§ 1983 & 1985)

64.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.    By their conduct and actions in unlawfully detaining, searching, arresting, imprisoning plaintiff, and in fabricating evidence against plaintiff, in failing to intercede on behalf of plaintiff and protect her from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants Winters, Dambra, Cheesewright & Jane Doe no. 1 and John Does 1-6, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's

constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its First, Fourth, Fifth, Eighth and Fourteenth Amendments.

66.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered emotional distress, great anxiety and humiliation, pain, physical injury, fear and damage to her reputation, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of One Million Dollars ($1,000,000);

b. Punitive damages in the amount of Two Million Dollars ($2,000,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      Brooklyn, New York
            October 1, 2014

                              SCOTT G. CERBIN, ESQ, PLLC
                              16 Court Street, Suite 2901
                              Brooklyn, New York 11241
                              (718) 596-1829
                              mail@cerbinlaw.com

                              ATTORNEY FOR PLAINTIFF
                              By: